IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONROE FLANAGAN,

    Plaintiff,

vs.                                                  Civ. No. 95-748 MV\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed July 17, 1998. The Commissioner granted the Plaintiff's request for supplemental security income (SSI) benefits but denied the request for disability insurance benefits. Plaintiff alleges a disability due to a mental impairment. He also claims to suffer from back pain and stomach problems.

    2. The Commissioner denied Plaintiff's application for disability insurance benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application for disability insurance benefits. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

4. Plaintiff raises the following allegation of error with respect to the ALJ's decision: the ALJ failed to inquire adequately regarding the onset date of the Plaintiff's mental disability. In finding that the Plaintiff is entitled to SSI benefits based on his mental impairment, the ALJ determined that the onset date was October 25, 1993, the date the Plaintiff filed his SSI application. Tr. 28. The ALJ did not find that the Plaintiff was so disabled prior to his date last insured, December 31, 1989. **Id**. To qualify for disability insurance benefits, the Plaintiff must have a disability onset date prior to the date last insured. **Miller v. Chater**, 99 F.3d 972, 975 (10th Cir. 1996).

5. The Commissioner promulgated Social Security Ruling 83-20 to determine the onset date of disability.[1] S.S.R. 83-20. "Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence." **Id**. Of those factors, the medical evidence is primary in determining the onset of disability. **Id**. Although the ALJ does not have to refute other potentially reasonable onset dates, the ALJ's decision for selecting a particular onset date must be supported by substantial evidence. **See Magallanes v. Bowen**, 881 F.2d 747, 750 (9th Cir.1989); **Blankenship v. Bowen**, 874 F.2d 1116, 1121 (6th Cir.1989);

---

[1]Social security rulings are binding on the ALJ. **Nielson v. Sullivan**, 992 F.2d 1118, 1120 (10th Cir. 1993).

**Pugh v. Bowen**, 870 F.2d 1271, 1278-79 (7th Cir.1989).  An arbitrarily selected onset date is not one supported by substantial evidence.  **Bailey v. Chater**, 68 F.3d 75, 80 (4th Cir. 1995).

      6.  With progressive impairments such as mental impairments, S.S.R. 83-20 acknowledges that "it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling."  S.S.R. 83-20.  **See Spellman v. Shalala**, 1 F.3d 357, 362 (5th Cir. 1993)(applying S.S.R. 83-20 to a mental impairment). In those cases, it is necessary to infer the onset date from medical and other types of evidence. S.S.R. 83-20.  Additionally, with "slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established."  **Id**.  S.S.R. 83-20 also provides that

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working.  How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case.  This judgment, however, must have a legitimate medical basis.  At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.  If there is information indicating that additional medical evidence is available, such evidence should be secured before inferences are made.  If  reasonable inference about the progression of the impairment cannot be made on the basis of the evidence in [sic] file and additional medical evidence is not available, it may be necessary to explore other sources of documentation.

The burden of obtaining a medical advisor is on the Commissioner, not the claimant.  **Id**.

      7.  Essentially, S.S.R. 83-20 provides that "in cases involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the [Commissioner] must infer the onset date, SSR 83-20 requires that that inference be based on an informed judgment.  The [Commissioner] cannot make such an inference without the assistance of a medical advisor."  **Spellman**, 1 F.3d at 362.  **See also Reid v. Chater**, 71 F.3d

372, 374 (10th Cir. 1995)(a medical advisor is necessary only when the medical evidence regarding the onset date is ambiguous).  For example, an incomplete medical chronology of a mental impairment creates a situation where the onset date is ambiguous and a medical advisor is deemed necessary in determining the onset date.  **See Spellman**, 1 F.3d at 363 n. 8.  "[L]ack of evidence alone is not sufficient to support a finding that an impairment did not exist at a disabling level of severity."  **Id**. at 363.

       8.  In this case, the record indicates that prior to December 31, 1989, the date Plaintiff was last insured, the Plaintiff suffered from sleep problems.  Tr. 97.  Progress Reports written in August 1984 further noted the following:  the Plaintiff had "a rather flat affect and rambling speech-almost flight of ideas," complained of nervousness and thoughts being "'too active,'" saw "faces that aren't there," "sometimes thinks people are out to get him," "does not answer questions directly," and "has difficulty concentrating."  Tr. 115-16.  As a result of these observations, the medical provider gave the Plaintiff a psychiatric referral.  Tr. 116.  The Plaintiff apparently did not use the referral.  The following month, a physician stated that "psychological factors and motivation may be playing a role in the persistence of his [lower back pain] symptoms."  Tr. 121.  Reference is also made throughout the record of a mental hospitalization in 1975.  **See, e.g.,**Tr. 142, 155, and 183. Moreover, the Plaintiff has not engaged in substantial gainful activity since April 10, 1984, the Plaintiff's alleged onset date.  Tr. 27.

       9.  The ALJ based his onset date on the date the Plaintiff filed his SSI application, not on any medical basis. Considering the progressive and ongoing nature of mental illness, I find that the ALJ's onset date is arbitrary and therefore not based upon substantial evidence.  I also find that the above cited evidence is incomplete and ambiguous with regard to a disability onset date.

Accordingly, the ALJ could not have inferred an onset date based on an informed judgment of the facts without consulting a medical advisor. I, therefore, conclude that this matter should be remanded to the Commissioner for redetermination of the onset date pursuant to S.S.R. 83-20 and to obtain a medical advisor.

## Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing. I further recommend remanding this matter to the Commissioner so that he shall redetermine the onset date pursuant to S.S.R. 83-20 and obtain a medical advisor. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE